UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No.: 8:11-cv-1161-T-33TBM

$32,687.00 IN U.S. CURRENCY,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to the United States' Motion to Stay Civil Forfeiture Proceedings (Doc. # 23), filed on February 27, 2012. The Claimant, Sodom T. McKinon, Jr., did not file a response to the motion within the time parameters of Local Rule 3.01(b), and the time for doing so has elapsed. Accordingly, the Court considers the motion unopposed. For the reasons that follow, the Court grants the motion.

**Discussion**

On May 25, 2011, the United States initiated this action by filing a verified complaint for forfeiture in rem, alleging that the defendant funds were seized by the Drug Enforcement Administration on November 5, 2010, as proceeds of controlled substance offenses and are therefore subject to forfeiture under 21 U.S.C. § 881(a)(6). (Doc. # 1). Claimant Sodom T.

McKinon, Jr. filed a Statement of Right or Interest in the defendant funds on July 6, 2011, and filed an answer to the complaint on July 22, 2011. (Doc. ## 8, 9).

On December 13, 2011, a federal grand jury returned an indictment in case number 8:11-cr-620-T-23TBM, charging Claimant with several controlled substance offenses ("the criminal case"). The Government filed a Bill of Particulars in the criminal case on February 27, 2012, stating that the defendant funds which are subject to forfeiture in the instant civil case are also subject to forfeiture in the criminal case. That same day, the Government filed a motion to stay the instant civil case until the related criminal case "has been disposed of at the trial court level and all proceedings in that matter, including sentencing, have been completed." (Doc. # 23).

As grounds for the stay, the Government argues that proceeding with the instant civil case at this point "would adversely affect the ability of the Government to prosecute the related criminal case without burdening the Claimant's right against self-incrimination." Id. Further, substantial time and resources will be saved if the Government proves the forfeiture of the defendant funds in the criminal case, as such would obviate the need for litigation in the instant

-2-

civil case. <u>Id.</u>

The Government's points are well-taken. Accordingly, the Court determines that it is appropriate to stay the instant civil case pending the completion of the criminal case.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The United States' Motion to Stay Civil Forfeiture Proceedings (Doc. # 23) is **GRANTED.** This case is stayed pending the completion of all proceedings, including sentencing, in the criminal case of United States v. Sodam Terrill McKinon, Jr., 8:11-cr-620-T-23TBM.

(2) The Government shall notify this Court in writing after the final disposition of the criminal case of United States v. Sodam Terrill McKinon, Jr., 8:11-cr-620-T-23TBM, when the stay of this matter should be lifted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>13th</u> day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record